UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

06 CV 7603

------------------------------------------------------------x

THE UNITED STATES LIFE INSURANCE COMPANY
IN THE CITY OF NEW YORK,

    Plaintiff,

-against-

LEO WILSON; VICTORIA WILSON, a minor; NATHAN
SMITH; NATHAN JIMMIE SMITH, a minor; DERRICK
JACKSON; ASHLEY JACKSON, a minor,

    Defendants.

------------------------------------------------------------x

**Interpleader Complaint**



RECEIVED
SEP 21 2006
N.Y.
CASHIERS

## COMPLAINT FOR INTERPLEADER RELIEF

Plaintiff/Stakeholder, The United States Life Insurance Company in the City of New York ("United States Life"), by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, and for its Complaint for Interpleader Relief pursuant to 28 U.S.C. § 1335 and against Defendants/Claimants, Leo Wilson, Victoria Wilson, a minor, Nathan Smith, Nathan Jimmie Smith, a minor, Derrick Jackson, and Ashley Jackson, a minor, states as follows:

### PARTIES

1.    Plaintiff/Stakeholder, United States Life, is an insurance company incorporated under the laws of New York with its principal place of business in New York, New York.

2.    Defendant/Claimant, Leo Wilson, is a citizen of the State of Illinois, residing at 2307 Glen Flora Avenue, Waukegan, Illinois 60085.

3.    Defendant/Claimant, Victoria Wilson, a minor, is a citizen of the State of Illinois, residing at 2307 Glen Flora Avenue, Waukegan, Illinois 60085.

1247211.1

4.  Defendant/Claimant Nathan Smith is a resident of the state of New York, residing at 63 W.184th Street, Bronx, New York 10468.

5.  Defendant/Claimant Nathan Jimmie Smith, a minor, is a resident of the state of New York, residing at 63 W.184th Street, Bronx, New York 10468.

6.  Defendant/Claimant Derrick Jackson is a resident of the state of New York, residing at 137-50 234th Street, Rosedale, New York 11422.

7.  Defendant/Claimant Ashley Jackson, a minor, is a resident of the state of New York, residing at 137-50 234th Street, Rosedale, New York 11422.

## JURISDICTION AND VENUE

8.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1335, as there are two or more adverse claimants of diverse citizenship and the policy of insurance at issue has a value of more than $500.

9.  Venue is proper in this jurisdiction pursuant to 28 U.S.C. §§ 1391 and 1397, as a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this jurisdiction and Defendant/Claimants Nathan Smith and Nathan Jimmie Smith are residents of the Southern District of New York.

## FACTUAL BACKGROUND

10. In reliance on a submitted application dated December 6, 1999, United States Life issued Victor Wilson (the "Insured") Life Insurance Policy No. 1514737 ("Policy") in the face amount of $150,000.00. Victor Wilson designated as beneficiaries the "children of [Victor Wilson] in equal shares or to the survivor." A true and correct copy of the Application for the Policy is attached hereto as Exhibit A.

11. On or about January 4, 2005, Victor Wilson died.

12. Under the terms of the Policy, and on account of the death of the Insured named under the Policy, United States Life became obligated to pay the sums due under the Policy in the total amount of $150,000.00 ("Proceeds").

13. Following the Insured's death, Victor Wilson, Jr., Christopher Wilson, Victoria Wilson, James Mayo and Sean Tidball each submitted written claims to United States Life for the Proceeds. True and correct copies of the claims are attached hereto as Exhibit B.

14. United States Life was also advised that the Insured had been predeceased by another daughter, Kimberly Huff Wilson, on or about May 26, 2004, and that she was survived by two minor children, Ashley Victoria Jackson and Nathan Jimmie Smith.

15. On or about July 27, 2005, the children of Victor Wilson entered into a Settlement Agreement and Release with United States Life, which provided that the Proceeds would be divided equally between them, with $25,000 to be paid to each of Victor Wilson, Jr., Christopher Wilson, Sean Tidwell, James Mayo (the "Adult Beneficiaries"), and defendant/claimant Victoria Wilson, a minor. The remaining portion was to be divided equally between the two children of Kimberly Wilson Huff, with defendant/claimants Ashley Jackson, a minor, and Nathan Jimmie Smith, a minor, each receiving $12,500. A true and correct copy of the Settlement Agreement and Release is attached hereto as Exhibit C.

16. It was later discovered that the Adult Beneficiaries had assigned part of their portions of the Proceeds to Unity Funeral Chapels, Inc. ("Unity"), in the total amount of $7238. United States Life paid that amount to Unity in satisfaction of the assignment. As a result, the

share of the Proceeds to be paid to each Adult Beneficiary was reduced to $23,190.50. Amendment "A" to the Settlement Agreement and Release, reflecting this reduction, was signed on or about September 15, 2006. A true and correct copy of Amendment "A" to the Settlement Agreement and Release is attached hereto as Exhibit D.

17. In December 2005, the Adult Beneficiaries, Victor Wilson, Jr., Christopher Wilson, Sean Tidwell, and James Mayo each received their share of the Proceeds, in the amount of $23,190.50 each, plus accrued statutory interest.

18. The minor beneficiaries, Victoria Wilson, Ashley Jackson, and Nathan Jimmie Smith, have not yet received their portions of the Proceeds because their purported guardians have not provided United States Life with proof of guardianship of the property of the minor beneficiaries.

19. By letter to Nathan Smith, Leo Wilson, and Derrick Jackson, dated July 14, 2005, counsel for United States Life requested that they each obtain court orders naming them as the guardians of the property of the minor beneficiaries, and that they each establish protected block bank accounts for the minor beneficiaries. Another letter was sent to Mr. Smith, Mr. Wilson, and Mr. Jackson, dated May 9, 2006, requesting the same documentation. True and correct copies of the July 14 and May 9 letters are attached hereto as Exhibit E.

20. Nathan Smith, the father of Nathan Jimmie Smith, has provided United States Life with a court order entered by Family Court, Bronx County dated May 4, 1999, awarding him joint custody of Nathan Jimmie Smith with Kimberly Wilson, Nathan Jimmie Smith's mother. A true and correct copy of the Order Directing Custody is attached hereto as Exhibit F.

1247211.1

21. By letter dated July 27, 2006, counsel for United States Life requested that Mr. Smith provide it with (1) court records appointing him as the guardian of the property of his son Nathan Jimmie Smith; and (2) documentation that a blocked bank account had been set up for Nathan Jimmie Smith to protect his assets until he reached the age of majority. A true and correct copy of the July 27 letter is attached hereto as Exhibit G.

22. On or about June 21, 2006, Derrick Jackson provided counsel for United States Life with a court order entered by Family Court, Queens County, dated March 3, 2003, granting him full custody of Ashley Jackson. A true and correct copy of the Order Directing Custody is attached hereto as Exhibit H.

23. Leo Wilson, the great-uncle of Victoria Wilson, has informed counsel for United States Life that he retained an attorney, Patrick Hackett. By letter to Mr. Hackett dated August 22, 2006, counsel for United States Life requested that Mr. Hackett provide the status of the guardianship of Victoria Wilson's property, including whether a court order had been entered. A true and correct copy of the August 22 letter is attached hereto as Exhibit I.

## BASIS FOR INTERPLEADER RELIEF

24. Because there are potential conflicting claims to the Proceeds of the Policy, United States Life cannot safely pay out the Proceeds. United States Life has not received proof of the guardianship of the property of the minor claimant/defendants.

25. As a result of the foregoing, there exists actual or potential rival, adverse and conflicting claims to the Proceeds, and United States Life has been unable to discharge its admitted liability without exposing itself to multiple liability or multiple litigation or both.

26.     United States Life is willing to pay the Proceeds due and owing on account of the death of the insured, and pursuant to the provisions of the Policy and the applicable law.

27.     United States Life should not be compelled to become involved in the disputes or contentions of the claimants and the claimants should be ordered to litigate among themselves without further involving United States Life.

28.     United States Life has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

## **RELIEF SOUGHT**

WHEREFORE, Plaintiff/Stakeholder, The United States Life Insurance Company in the City of New York asks for the following relief:

a.  That this Court grant The United States Life Insurance Company in the City of New York leave to deposit its admitted liability with the Clerk of this Court;

b.  That the Defendants/Claimants, Leo Wilson, Victoria Wilson, a minor, Nathan Smith, Nathan Jimmie Smith, a minor, Derrick Jackson, and Ashley Jackson, a minor, be enjoined from instituting or prosecuting against The United States Life Insurance Company in the City of New York in a proceeding in any state or United States Court or administrative tribunal affecting the insurance proceeds due under the Policy and on account of the death of Victor Wilson, and that said injunction issue without bond or surety;

c.  That the Defendants/Claimants, and each of them, be required to make full and complete answer to this Complaint for Interpleader Relief and to set forth to which of them the insurance proceeds, or any part thereof, rightfully belong, and how they make their claims thereto;

d.  That this Court determine and declare the rights of the Defendants/Claimants, and each of them, to life insurance benefits due and owing under the Policy;

6

1247211.1

  e. That the Court discharge The United States Life Insurance Company in the City of New York of and from any and all liability for any insurance payable on account of the death of Victor Wilson;

  f. That this Court excuse The United States Life Insurance Company in the City of New York from further attendance upon this cause, and dismiss The United States Life Insurance Company in the City of New York from this case with prejudice;

  g. That this Court grant The United States Life Insurance Company in the City of New York such other and further relief as this Court deems just and equitable, including its attorney fees incurred in filing and prosecuting this Complaint for Interpleader Relief, said sum to be deducted from the amount due and owing under the Policy.

Dated: White Plains, New York
    September 19, 2006

            THE UNITED STATES LIFE INSURANCE
            COMPANY IN THE CITY OF NEW YORK

            By: *[signature]*

            Fred Knopf (FNK 4625)
            Emily A. Hayes (EH 5243)
            WILSON, ELSER, MOSKOWITZ,
            EDELMAN & DICKER LLP
            3 Gannett Drive
            White Plains, NY 10604
            Telephone: (914) 323-7000
            Facsimile: (914) 323-7001